IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZAKEE LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1299-JLH-EGT |
| | ) |
| MATTHEW T. MUCHA, MERSEY MPOCK, DAVID EYONG MPOCK and ADRIAN GARCIA, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion of Defendants Matthew Mucha ("Mucha"), Mersey Mpock ("M. Mpock"), David Eyong Mpock ("D. Mpock") and Adrian Garcia ("Garcia") (collectively, "Defendants") to partially dismiss the First Amended Complaint (D.I. 4) filed by Plaintiff Zakee Lloyd ("Plaintiff" or "Lloyd"). (D.I. 7). For the reasons set forth below, the Court recommends that Defendants' motion be GRANTED-IN-PART and DENIED-IN-PART.

**I.   BACKGROUND**

Plaintiff is an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, and Defendants are correctional officers employed by JTVCC. (D.I. 4 ¶¶ 4-8). Plaintiff alleges that, during several incidents over the past several years, Defendants have violated Plaintiff's constitutional rights and his rights under Delaware law.

On December 8, 2022, Defendants Mucha, D. Mpock and M. Mpock ordered Plaintiff into a shower and told him to take off his clothes. (D.I. 4 ¶¶ 10, 13 & 14). Plaintiff complied, and Mucha ordered Plaintiff to hand over his boxer shorts. (*Id.* ¶¶ 15-16). Mucha then repeatedly told Plaintiff to "spread his cheeks" while threatening Plaintiff with mace. (*Id.* ¶¶ 17-18). Plaintiff complied because he did not want to be sprayed with mace or sent to the Security Housing Unit.

(*Id.* ¶¶ 20-21). Plaintiff told "another correctional officer" that Mucha was sexually assaulting him but that officer allegedly acted as though he did not hear Plaintiff. (*Id.* ¶¶ 22-23). Mucha again threatened Plaintiff with mace. (*Id.* ¶ 24). Mucha purportedly left Plaintiff lying naked in the shower, while Mucha, M. Mpock and D. Mpock[1] "trashed" Plaintiff's cell. (*Id.* ¶¶ 26, 28 & 30).

In connection with the shower incident, Plaintiff filed a complaint against Mucha under the Prison Rape Elimination Act ("PREA"). (D.I. 4 ¶¶ 31 & 33). On February 22, 2023, that complaint was substantiated by the PREA Compliance Office and, as a result, Mucha was allegedly prohibited from working in any area where Plaintiff was located so as to monitor for retaliation. (*Id.* ¶¶ 31 & 33-34; *see also id.*, Ex. 1). About a year later, in February 2024, Mucha was ultimately transferred to work in the same building where Plaintiff was housed. (D.I. 4 ¶¶ 35-36).

On February 23, 2024, Garcia "assaulted" Plaintiff, and other correctional officers allegedly "had to pull Defendant Garcia off Plaintiff." (D.I. 4 ¶¶ 38, 41 & 43). At a hearing where Garcia and Plaintiff were both present, Garcia mouthed to Plaintiff, "I told you I was gonna get you." (*Id.* ¶ 44).[2] Since that hearing, Plaintiff has allegedly faced retaliation. (*Id.* ¶¶ 45-48).

Then, sometime "between February 23, 2025 and March 3, 2025," D. Mpock, M. Mpock and Garcia entered Plaintiff's cell and pepper-sprayed Plaintiff in his mouth, then closed the door and left Plaintiff gasping for air and calling for help. (D.I. 4 ¶ 49). On March 4, 2025, "the officers" took Plaintiff to the infirmary for "an undisclosed reason," and he was apparently held in the infirmary cell for seven days. (*Id.* ¶¶ 50-51). Plaintiff alleges that, during that time, he was only allowed three showers and two video visits. (*Id.* ¶ 51). In connection with this incident,

---

[1]    Plaintiff alleges that "Defendant Mucha, Matthew Mpock, and Mersey Mpock" trashed his cell (D.I. 4 ¶ 30), but the Court assumes that "Matthew Mpock" should be D. Mpock.

[2]    Plaintiff alleges that Garcia is a friend of Mucha. (D.I. 4 ¶ 42).

Plaintiff further alleges that "Defendants interfered with [his] religious beliefs" and "caused mental disturbance" because Plaintiff's "Ramadan fast was hindered by him not receiving proper nutrition at the time it was needed and should have been administered." (*Id.* ¶ 52).

Plaintiff filed his original Complaint on November 27, 2024, asserting claims against all Defendants under the Fourth Amendment for "excessive force," under the Eighth Amendment for deliberate indifference and under Delaware state law for assault and battery. (*See* D.I. 1). On April 7, 2025, Plaintiff filed his First Amended Complaint, which corrects the name of Defendant Garcia and adds a timeframe for the pepper-spray incident in Plaintiff's cell. (D.I. 4). Plaintiff is suing all Defendants in their individual capacities, and he seeks compensatory and punitive damages, as well as injunctive relief. (D.I. 4 ¶¶ 5-8; *see also id.* at 10 (Prayer for Relief)).

On May 7, 2025, Defendants filed the present partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a cognizable claim under the Fourth Amendment and, further, that Plaintiff fails to plausibly allege certain assault and battery claims arising under Delaware law. (*See* D.I. 7). Briefing was complete on June 9, 2025. (D.I. 7, 10 & 11).

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is

only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

### III.   DISCUSSION

Defendants seek dismissal of Plaintiff's Fourth Amendment claim in its entirety, Plaintiff's assault and battery claims against M. Mpock and D. Mpock in connection with the shower incident and Plaintiff's assault and battery claims against Garcia in connection with an "assault" in February 2024.  (*See* D.I. 7 ¶ 2).[3]  The Court will address each ground for dismissal in turn.

#### A.   Fourth Amendment Claim

Defendants note that the Fourth Amendment is inapplicable to a sentenced inmate, and Plaintiff agrees.  (*Compare* D.I. 7 ¶¶ 16-18 (Defendants setting forth legal standard for excessive force claims and sentenced inmates), *with* D.I. 10 ¶¶ 16-18 (Plaintiff responding by agreeing to dismiss his Fourth Amendment claims)).  The Court therefore recommends that Defendants' motion to dismiss be granted as to Plaintiff's Fourth Amendment claims (Count I).

---

[3]   Defendants do not seek dismissal of Plaintiff's claims arising under the Eighth Amendment (Count II).  (D.I. 7 ¶ 2; *see also* D.I. 4 ¶¶ 56-61).

4

### B.     Assault and Battery under Delaware Law

Plaintiff alleges that Defendants have committed assault and battery in connection with the various incidents recited in the First Amended Complaint. (D.I. 4 ¶¶ 62-65). Defendants first take issue with Plaintiff's claim that the "illegal detention and arrest of Plaintiff constitutes an assault and battery by Defendants," noting that Defendants could not possibly illegally detain and arrest Plaintiff while he is a sentenced inmate. (D.I. 7 ¶ 20). Plaintiff admits that he "was not illegally detained or arrested." (D.I. 10 ¶ 20). Therefore, the Court recommends that Defendants' motion be granted as to any claim for assault and battery based on a theory of illegal detention and arrest.

As to the assault and battery claims that remain, Defendants seek dismissal of any such claims against M. Mpock and D. Mpock in connection with the December 8, 2022 shower incident, as well as any claims against Garcia in connection with the February 2024 incident. (D.I. 7 ¶ 21). Under Delaware law, "[a]n assault is the attempt by a person, in a rude and revengeful manner, to do an injury to another person, coupled with the present ability to do it." *Lloyd v. Jefferson*, 53 F. Supp. 2d 643, 672 (D. Del. 1999) (quoting *St. Anthony's Club v. Scottsdale Ins. Co.*, No. Civ.A. 97C-07-112JOH, 1998 WL 732947, at *3 (Del. Super. Ct. July 15, 1998)); *see also Brodzki v. Fox Broad. Co.*, 868 F. Supp. 2d 386, 389 n.4 (D. Del. 2012). Battery, on the other hand, is "the intentional, unpermitted contact upon the person of another which is harmful or offensive." *Brodzki*, 868 F. Supp. 2d at 389 n.5 (citing *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995)).

As to M. Mpock and D. Mpock, Defendants argue that Plaintiff's assault and battery claims based on the shower incident must be dismissed because Plaintiff has not plausibly alleged that either officer made, or tried to make, physical contact with Plaintiff. (D.I. 7 ¶ 22). Plaintiff responds that his claims against M. Mpock and D. Mpock are instead based on the incident where they (and Garcia) pepper-sprayed Plaintiff in the mouth and left him alone in his cell. (D.I. 10

5

¶ 21). Defendants do not argue that the elements of assault or battery are missing from this pepper-spray incident, instead focusing only on the "facial implausibility" of the claim if the incident occurred in 2025. (D.I. 11 ¶ 6).[4] Whether the incident occurred in 2024 or 2025, Plaintiff has plausibly alleged that M. Mpock and D. Mpock committed assault and battery by pepper-spraying Plaintiff in the mouth and leaving him unattended and choking for air. *Cf. Moore v. Rosa*, No. 21-CV-933, 2021 WL 1143376, at *4 (E.D. Pa. Mar. 25, 2021) (use of pepper spray may give rise to an Eighth Amendment claim, as well as assault and battery claims under state law). The Court thus recommends that Defendants' motion to dismiss be denied as to M. Mpock and D. Mpock

As to Garcia, Defendants argue that Plaintiff's conclusory statement that Garcia "assaulted Plaintiff" is not sufficient to plead a substantively plausible claim. (D.I. 7 ¶ 23 (citing *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014))). Yet, as Plaintiff points out (D.I. 10 ¶ 23), he also alleges that other officers present at the time "had to pull Defendant Garcia off Plaintiff" (D.I. 4 ¶ 43) and that Garcia at some point told Plaintiff "I told you that I was gonna get you" (*id.* ¶ 44). Defendants contend that these allegations are not enough to state a claim for assault or battery because Plaintiff fails to adequately allege how Garcia attempted to injure Plaintiff or what the "intentional" or "unpermitted" contact was. (D.I. 11 ¶ 9). The Court partially disagrees.

Although a close call, the First Amended Complaint here just crosses the line from possible to plausible. *Twombly*, 550 U.S. at 546. Plaintiff has plausibly alleged – with barely sufficient

---

[4] There is some confusion about whether the pepper-spray incident allegedly occurred in early 2024 or early 2025. (*Compare* D.I. 11 ¶¶ 4-5 (Defendants noting their confusion as to the timeframe of the allegation), *with* D.I. 10 ¶ 21 (Plaintiff discussing the incident as occurring between February and March 2025); *see also* D.I. 1 ¶ 49 (original complaint filed in November 2024 describing the pepper-spray incident without dates) & D.I. 4 ¶ 49 (amended complaint filed in April 2025 describing the same pepper-spray incident verbatim as occurring "between February 23rd, 2025 and March 3rd, 2025")). Although it appears unnecessary to resolve this issue (*e.g.*, the same incident could have happened again), the Court believes that the more plausible date of the incident was in 2024.

factual material – that Garcia committed a battery on Plaintiff.  That officers had to pull Garcia off Plaintiff plausibly suggests that there was a physical altercation.  If unwanted and harmful physical contact had not happened, then there would have been no need for other officers to intervene.  As such, Plaintiff has plausibly alleged that Garcia subjected Plaintiff to intentional and unpermitted contact that was harmful or offensive – *i.e.*, the required elements of a battery claim.  As to Plaintiff's assault claim, the Court reaches a different result.  Contrary to Plaintiff's suggestion (D.I. 10 ¶ 23), Garcia's statement to Plaintiff of "I told you I was gonna get you" does not plausibly suggest a premeditated intent to do injury to Plaintiff, nor the present ability to do that injury.  Indeed, as alleged (D.I. 4 ¶ 44), it is wholly unclear when Garcia made this statement to Plaintiff in relation to the purported physical altercation, in what context the statement was made or what happened after.  More is necessary to plausibly allege that Garcia is separately liable for assault for the February 2024 incident.  The Court thus recommends that Defendants' motion to dismiss be denied as to the battery claim against Garcia and granted as to the assault claim against Garcia.[5]

### IV.  CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss (D.I. 7) be GRANTED-IN-PART and DENIED-IN-PART.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* FED. R. CIV. P. 72(b)(2).

---

[5]   Plaintiff appears unsure of whether he is pursuing claims of assault, battery or both against the various defendants. (*Compare* D.I. 10 § II ("Plaintiff Fails to State a Claim for Assault and/or Battery Against Defendants M. Mpock, D. Mpock, and Garcia."), *with* D.I. 4 ¶ 63 ("The above-described illegal assaults of Plaintiff constitutes an assault and battery by Defendants . . . .")).  For the sake of completeness, the Court has addressed both.

Any responses to the objections shall limited to ten (10) pages and filed within fourteen (14) days after the objections. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 9, 2025

_____
UNITED STATES MAGISTRATE JUDGE